1 | ANDRÉ BIROTTE JR.
United States Attorney
2 | ROBERT E. DUGDALE
Assistant United States Attorney
3 | Chief, Criminal Division
GARTH HIRE (Cal. Bar No. 187330)
4 | JOANNA M. CURTIS (Cal. Bar No. 203151)
ROBYN K. BACON (Cal. Bar No. 251048)
5 | Assistant United States Attorneys
Violent and Organized Crime Section
6 | KEVIN L. ROSENBERG (Ohio Bar No. 0081448)
Trial Attorney, U.S. Department of Justice
7 |      1500 United States Courthouse
312 North Spring Street
8 |      Los Angeles, California 90012
Telephone:  (213) 894-0492/0298/4667
9 |      Facsimile:  (213) 894-3713
E-mail:    Garth.Hire@usdoj.gov
10 |             Joanna.Curtis@usdoj.gov
Robyn.Bacon@usdoj.gov
11 |             Kevin.L.Rosenberg@usdoj.gov

12 | Attorneys for Plaintiff
UNITED STATES OF AMERICA

13

14 |                UNITED STATES DISTRICT COURT

15 |            FOR THE CENTRAL DISTRICT OF CALIFORNIA

16 | UNITED STATES OF AMERICA,        ) CR No. 09-466-DSF-12
                                 )
17 |               Plaintiff,         ) PLEA AGREEMENT FOR DEFENDANT
                                 ) SILVIO JOVANI FAJARDO-FAJARDO
18 |               v.                 )
                                 )
19 |                                  )
SILVIO JOVANI FAJARDO-           )
20 | FAJARDO,                         )
     aka "Oscar Linares,"           )
21 |      aka "Huevo,"                )
                                 )
22 |               Defendant.         )
                                 )
23 | _____

24 |      1.   This constitutes the plea agreement between SILVIO

25 | JOVANI FAJARDO-FAJARDO, aka "Oscar Linares," ("defendant") and

26 | the United States Attorney's Office for the Central District of

27 | California ("the USAO") in the above-captioned case.  This

28 | agreement is limited to the USAO and cannot bind any other

1  federal, state, local, or foreign prosecuting, enforcement,

2  administrative, or regulatory authorities.

3  <u>RULE 11(c)(1)(C) AGREEMENT</u>

4      2.  Defendant understands that this agreement is entered

5  into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

6  Accordingly, defendant understands that, if the Court determines

7  that it will not accept this agreement, absent a breach of this

8  agreement by defendant prior to that determination and whether or

9  not defendant elects to withdraw any guilty plea entered pursuant

10  to this agreement, this agreement will, with the exception of

11  paragraph 20 below, be rendered null and void and both defendant

12  and the USAO will be relieved of their obligations under this

13  agreement.  Defendant agrees, however, that if defendant breaches

14  this agreement prior to the Court's determination whether or not

15  to accept this agreement, the breach provisions of this

16  agreement, paragraphs 23 and 24 below, will control, with the

17  result that defendant will not be able to withdraw any guilty

18  plea entered pursuant to this agreement, the USAO will be

19  relieved of all of its obligations under this agreement, and the

20  Court's failure to follow any recommendation or request regarding

21  sentence set forth in this agreement will not provide a basis for

22  defendant to withdraw defendant's guilty plea.

23  <u>DEFENDANT'S OBLIGATIONS</u>

24      3.  Defendant agrees to:

25          a)  At the earliest opportunity requested by the USAO

26  and provided by the Court, appear and plead guilty to Count One

27  of the indictment in <u>United States v. Jose Alfaro, et al.</u>, CR No.

28

09-466-DSF, which charges defendant with RICO Conspiracy, in violation of 18 U.S.C. § 1962(d).

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 14 of this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a) Not contest facts agreed to in this agreement.

b) Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 14 of this agreement.

1      c) At the time of sentencing, move to dismiss the
2  remaining counts of the indictment as against defendant.
3  Defendant agrees, however, that at the time of sentencing the
4  Court may consider any dismissed charges in determining the
5  applicable Sentencing Guidelines range, the propriety and extent
6  of any departure from that range, and the sentence to be imposed.
7                        NATURE OF THE OFFENSE
8      5.   Defendant understands that for defendant to be guilty
9  of the crime charged in Count One, which charges a violation of
10  Title 18, United States Code, Section 1962(d) (RICO Conspiracy),
11  the following must be true: (1) there was an enterprise
12  consisting of a group of persons associated together for a common
13  purpose of engaging in a course of conduct; (2) the enterprise
14  engaged in, or its activities in some way affected, interstate or
15  foreign commerce; (3) defendant was associated with the
16  enterprise; (4) defendant knowingly and intentionally entered
17  into an agreement that a conspirator would conduct, or
18  participate in the conduct of, the affairs of the enterprise
19  through a pattern of racketeering activity; and (5) defendant
20  agreed a conspirator would commit at least two acts of
21  racketeering in the conduct of the affairs of the enterprise.
22      6.   An "enterprise" is a group of people who have
23  associated together for a common purpose of engaging in a course
24  of conduct over a period of time.  "Racketeering activity"
25  includes any act or threat involving murder, kidnaping, robbery,
26  extortion, witness intimidation, money laundering or dealing in a
27  controlled substance, which is either chargeable under state law
28  and punishable by imprisonment for more than one year or

chargeable under Congressionally designated provisions of the federal code, including Title 21, United States Code, Sections 841 and 846.  A "pattern of racketeering" is at least two racketeering acts within ten years of each other that have a relationship to each other plus a threat of continuity.  Conduct forms a pattern if it consists of criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated.

## PENALTIES

7.   Defendant understands that the statutory maximum sentence that the Court can impose for this violation of Title 18, United States Code, Section 1962(d) is: 20 years imprisonment, a three-year period of supervised release, a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest, and a mandatory special assessment of $100.

8.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

9.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to

possess a firearm, the right to hold office, and the right to serve on a jury.  Defendant understands that once the Court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to, revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set

6

forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

The criminal street gang Mara Salvatrucha, also known as MS-13 ("MS-13"), is a racketeering enterprise as set forth in the indictment. Defendant is a member of the Western clique of MS-13. In this role, from in or about 2001 and continuing to in or about May 2009, defendant agreed with other members and associates of MS-13, both in the Western clique and other cliques of MS-13, that members of the MS-13 gang would engage in numerous acts of violence and other crimes, including narcotics trafficking and extortion by threat of violence, to further the interests of the enterprise.

Specifically, defendant participated in the following activities from in or about 2001 to in or about September 2005:

- Defendant collected extortion payments (each of which constituted a separate racketeering act) commonly referred to as "taxes," from legitimate and illegitimate vendors operating in MS-13 territory by the use of force and threat of bodily injury and profited from the collection of those payments; and

At least two of the racketeering acts described above were committed within ten years of each other. In addition, the drug trafficking and other crimes of the MS-13 racketeering enterprise affected interstate commerce.

<u>SENTENCING FACTORS</u>

12.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

13.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

<u>Extortion</u>
| | | | |
|---|---|---|---|
| Base Offense Level | : | 18 | [U.S.S.G. § 2E1.1(a)(1), 2B3.2(a)] |
| Threat of Bodily Injury | : | +2 | [U.S.S.G. § 2B3.2(b)(1)] |
| Adjusted Offense Level | : | 20 | |
| Acceptance of Responsibility | : | -3 | [U.S.S.G. § 3E1.1] |
| Total Offense Level | : | 17 | |

The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

14.   Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the Court impose a sentence of: no more than 48 months imprisonment; five years supervised release with conditions to be fixed by the Court; no fine; $100 special assessment; and no restitution.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a)   The right to persist in a plea of not guilty.

b)   The right to a speedy and public trial by jury.

c)   The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17. Defendant agrees that, provided the Court imposes the sentence specified in paragraph 14 above, defendant gives up the right to appeal any portion of that sentence.

18. The USAO agrees that, provided the Court imposes the sentence specified in paragraph 14 above, the USAO gives up its right to appeal any portion of that sentence.

## WAIVER OF COLLATERAL ATTACK

19.   Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any allegation of a prior conviction for a felony drug offense that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

21.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

22.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

23.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

24.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any allegation of a prior conviction for a felony drug offense that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

25.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and

1  need not accept any of the USAO's sentencing recommendations or
2  the parties' agreements to facts, sentencing factors, or
3  sentencing.  Defendant understands that the Court will determine
4  the facts, sentencing factors, and other considerations relevant
5  to sentencing and will decide for itself whether to accept and
6  agree to be bound by this agreement.

7       26.  Defendant understands that both defendant and the USAO
8  are free to: (a) supplement the facts by supplying relevant
9  information to the United States Probation Office and the Court,
10 (b) correct any and all factual misstatements relating to the
11 Court's Sentencing Guidelines calculations and determination of
12 sentence, and (c) argue on appeal and collateral review that the
13 Court's Sentencing Guidelines calculations and the sentence it
14 chooses to impose are not error, although each party agrees to
15 maintain its view that the calculations and sentence referenced
16 in paragraphs 13 and 14 are consistent with the facts of this
17 case.  While this paragraph permits both the USAO and defendant
18 to submit full and complete factual information to the United
19 States Probation Office and the Court, even if that factual
20 information may be viewed as inconsistent with the facts agreed
21 to in this agreement, this paragraph does not affect defendant's
22 and the USAO's obligations not to contest the facts agreed to in
23 this agreement.

24                    <u>NO ADDITIONAL AGREEMENTS</u>

25      27.  Defendant understands that, except as set forth herein,
26 there are no promises, understandings, or agreements between the
27 USAO and defendant or defendant's attorney, and that no
28

                                  13

1   additional promise, understanding, or agreement may be entered

2   into unless in a writing signed by all parties or on the record

3   in court.

4         <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

5      28.   The parties agree that this agreement will be

6   considered part of the record of defendant's guilty plea hearing

7   as if the entire agreement had been read into the record of the

8   proceeding.

9   AGREED AND ACCEPTED

10   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA

11   ANDRÉ BIROTTE JR.

12   United States Attorney

13

14                            2-14-2013

                                     Date

15   GARTH HIRE
    JOANNA M. CURTIS

16   ROBYN K. BACON
    Assistant United States Attorneys

17   KEVIN L. ROSENBERG
    Trial Attorney, U.S. Dept. of Justice

18

19

20                               2-8-13

21   SILVIO JOVANI FAJARDO-FAJARDO        Date
    Defendant

22

23                              2/8/13

24   STEPHANIE AMES               Date
    Attorney for Defendant

25   Silvio Jovani Fajardo-Fajardo

26

27

28

                        14

## CERTIFICATION OF DEFENDANT

This agreement has been read to me in Spanish, the language I understand best.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          2-8-13
SILVIO JOVANI FAJARDO-FAJARDO             Date
Defendant

15

<u>CERTIFICATION OF INTERPRETER</u>

I, Rossy Franklin am fluent in the written and
spoken English and Spanish languages.  I accurately translated
this entire agreement from English into Spanish to defendant
SILVIO JOVANI FAJARDO-FAJARDO on this date.

_____          2-8-2013
Interpreter                               Date

16

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am SILVIO JOVANI FAJARDO-FAJARDO's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____          _2/8/13____
STEPHANIE AMES                     Date
Attorney for Defendant
Silvio Jovani Fajardo-Fajardo

17